UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LEUCHTMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1889 TCM |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The Court previously ordered Petitioner to demonstrate why his petition for writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time-barred. After reviewing Petitioner's response, the Court has determined that the petition should be summarily dismissed.

Petitioner is challenging a July 17, 2001, conviction and fifteen year sentence for forcible sodomy imposed by the Circuit Court of Washington County after a guilty plea. He did not file a direct appeal. He filed a motion for postconviction relief pursuant to Rule 24.035, which was denied. The Missouri Court of Appeals affirmed the denial of postconviction relief on April 8, 2003. See Leuchtmann v. State, 103 S.W.3d 866 (Mo. Ct. App. 2003).

Petitioner filed two previous federal petitions for writ of habeas corpus in this Court challenging the July 17, 2001, conviction. He filed the first petition on May 20, 2003. Leuchtmann v. Moore, 4:03CV656 FRB (E.D. Mo.). The petition contained both exhausted

and unexhausted claims, and Petitioner moved to stay the case or, in the alternative, for voluntary dismissal without prejudice.  On July 23, 2003, the Court denied Petitioner's request for a stay, and the Court granted Petitioner's request to dismiss the action without prejudice.  He filed the second petition on August 6, 2004.  Luechtmann v. Bowersox, 4:04CV1015 TCM (E.D. Mo.).  The Court dismissed the case as time-barred, and the dismissal was without prejudice.  The Eighth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability.

On August 3, 2009, Petitioner filed a Rule 91 habeas petition in the Circuit Court of St. Francois County.  Leuchtmann v. Larkins, 09SF-CC00983 (24th Judicial Cir.).  The court found that the claim for relief in the petition was the same claim brought in Petitioner's original Rule 24.035 petition and, therefore, Petitioner was not entitled to relief under Missouri Supreme Court Rule 91.22.[1]  Petitioner subsequently filed Rule 91 petitions in the Missouri Court of Appeals and the Missouri Supreme Court, and both courts denied the petitions without comment.  Ptr. Exh. J, K.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1]Mo. S. Ct. R. 91.22 states: "When a petition for a writ of habeas corpus has been denied by a higher court, a lower court shall not issue the writ unless the order in the higher court denying the writ is without prejudice to proceeding in the lower court."

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006).

## Discussion

Under state law, Petitioner's judgment became final for purposes of direct appeal when judgment and sentence were entered. See Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. 1979). Petitioner had ten days after the judgment became final to file a notice of appeal. Mo. R. Crim. P. 30.01(d). Thus, Petitioner's judgment became final, for purposes of the one-year limitation, on or about July 29, 2001.

-3-

Petitioner filed his Rule 24.035 motion on November 8, 2001, after 102 days of the limitations period had passed. See Luechtmann v. State, 01CV614112 (24th Judicial Cir.). After affirming, the Missouri Court of Appeals issued its mandate on May 21, 2003. Luechtmann v. State, ED81345 (Mo. Ct. App.). The limitations period began to run again, therefore, on May 21, 2003. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of mandate).

The filing of the first federal petition for writ of habeas corpus on May 20, 2003, did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 172 (2001). Additionally, Rule 91 habeas petitions do not resurrect procedurally defaulted claims where, as in Petitioner's case, the Missouri Supreme Court did not address the merits of those claims. See Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994). As a result, the limitations period ran until about February 9, 2004, and the instant petition for writ of habeas corpus is time-barred by several years.

Petitioner argues that "newly discovered evidence" demonstrates that he is actually innocent of the crime of which he was convicted. Petitioner has attached to his petition the deposition of the victim and of a nurse who examined her, a police report, nurse's notes, and the state court's rulings on his 2009 motion for postconviction relief. These documents came from Petitioner's own legal file. Petitioner claims that his counsel was ineffective for failing to share these documents with him, and he claims that if he had seen those documents he would not have pled guilty. Petitioner also believes that these documents show that he is actually innocent of sodomy because they prove he did not actually penetrate the victim's

vagina. Petitioner claims that the prosecutor engaged in misconduct by overstating the strength of his case.

First, evidence from Petitioner's own legal file does not constitute newly discovered evidence. Second, an assertion of actual innocence cannot be based upon an allegation that a guilty plea was induced by ineffective counsel, because such is a claim of legal innocence rather than factual innocence. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994). Finally, the documents do not show prosecutorial misconduct because they fail to demonstrate a credible claim of actual innocence. The depositions and the police report merely demonstrate that the victim, who was fourteen years old at the time, was somewhat ambiguous about whether or how far Petitioner had penetrated her vagina with his fingers, depending on who was interviewing her. A reasonable jury in possession of these documents could well have found Petitioner to be guilty beyond a reasonable doubt. As a result, the Court finds that Petitioner's arguments are baseless.

Because Petitioner has not demonstrated that the actual innocence exception should be applied to the limitations period, the Court will dismiss this action without further proceedings.

Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 9th day of February, 2012.

                                        */s/ Audrey G. Fleissig*
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE